

1

2

3

4

5    **UNITED STATES DISTRICT COURT**
     **DISTRICT OF NEVADA**

6

7

8    PETER J. MUNOZ, JR.,                    )        3:12-cv-00683-HDM-VPC
                                             )
9              Plaintiffs,                   )
                                             )        **ORDER**
10        vs.                                )
                                             )
11   GREG COXS, et al.,                      )
                                             )
12             Defendants.                   )
                                             )
13   _____ )

14         Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

15   submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 with attachments (ECF No. 1-1 and -2)

16   as well as an application to proceed *in forma pauperis* (ECF No. 1). The financial information provided

17   in the application indicates that plaintiff is unable to pay the full filing fee. The application to proceed

18   *in forma pauperis* shall be granted. The court has screened plaintiff's civil rights complaint pursuant

19   to 28 U.S.C. § 1915A.

20   I.    **Screening Pursuant to 28 U.S.C. § 1915A**

21         Federal courts must conduct a preliminary screening in any case in which a prisoner

22   seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

23   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are

24   frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from

25   a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings,

26   however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

27   1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

28   a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

1  violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42,
2  48 (1988).

3      In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
4  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
5  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may
6  be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
7  § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is
8  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
9  § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses
10  a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
11  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
12  not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

13      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
14  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim
15  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
16  would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making
17  this determination, the court takes as true all allegations of material fact stated in the complaint, and the
18  court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d
19  955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than
20  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
21  U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed
22  factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*
23  *v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is
24  insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

25      A reviewing court should "begin by identifying pleadings [allegations] that, because they are no
26  more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S.
27  662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

28

1    complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual

2    allegations, a court should assume their veracity and then determine whether they plausibly give rise to

3    an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a

4    context-specific task that requires the reviewing court to draw on its judicial experience and common

5    sense." *Id.*

6            Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

7    the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

8    conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

9    infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

10   allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

11   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

12   **II.     Screening of the Complaint**

13           Plaintiff claims his procedural and substantive due process rights as well as his rights under the

14   Eighth Amendment to be free from cruel and  punishment have been violated because he has been held

15   in continued detention more than 1500 days beyond his maximum release date when properly accounting

16   for earned good time and work credits.  He asserts that the wrongful detention is due to errors in the

17   program used to calculate offender's credits, that he has brought the issue to the attention of prison

18   authorities, including the named defendants, but no relief has been forthcoming due to their intentional

19   or grossly negligent acts.  He further alleges that he presented his claims to the state courts by way of

20   a petition for writ of habeas corpus, which was denied.  Plaintiff names the Director of Nevada

21   Department of Corrections (NDOC) Greg Coxs, the State of Nevada, the Nevada Attorney General and

22   his warden, Isidro Bacca.

23           If plaintiff's section 1983 claims necessarily implicate the validity of his continuing confinement,

24   the claims do not accrue unless and until the conviction or sentence is reversed, expunged, invalidated,

25   or impugned by the grant of habeas corpus.  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.

26   1997)(citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).  The United States Supreme Court has held

27   that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his

28                                                       3

1  confinement." *Wilkinson v. Dotson,* 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) quoting   *Preiser v.*

2  *Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827 (1973).  He must seek federal habeas corpus relief (or

3  appropriate state relief) instead.  However, if the relief sought would not automatically mean an earlier

4  release, but perhaps a new parole hearing, then a § 1983 action would be available.  Habeas remedies

5  do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the

6  legality of (not previously invalidated) state confinement. *See, Wolff v. McDonnell,* 418 U.S. 539, 554,

7  94 S.Ct. 2963 (1974); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584 (1997).

8       Plaintiff's complaint seeks an order from this Court finding that the correct date for expiration

9  of his criminal sentence is July 12, 2009.  Such a finding would, in fact, necessarily implicate the validity

10  of his sentence.  Therefore, the claims must be brought to this Court in the form of a petition for writ of

11  habeas corpus pursuant to 28 U.S.C. § 2254.  This action shall be dismissed and the Clerk shall be

12  directed to provide plaintiff with the proper forms and instructions for filing his federal habeas petition.

13  **III.    Conclusion**

14       The complaint shall be dismissed pursuant to *Heck v. Humphrey,* 512 U.S. at 487 and *Wilkinson*

15  *v. Dotson,* 544 U.S. at 78, 125 S.Ct. 1242.

16       **IT IS THEREFORE ORDERED** the application to proceed *in forma pauperis* (ECF No. 1)

17  is **GRANTED.**  No initial installment toward the $350 filing fee will be required. Pursuant to 28 U.S.C.

18  § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District

19  Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #94605),

20  in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this

21  action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's

22  Office.  The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services

23  for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

24       **IT IS FURTHER ORDERED** that the Clerk shall detach and file the complaint, which is

25  **DISMISSED without prejudice.**

26       **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff copies of the forms and

27  instructions for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

28

1    The Clerk shall enter judgment accordingly.

2    Dated this 3rd day of January, 2013.

3

4                                              _____
                                               UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        5